UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ANGELA NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-077 |
| | ) | |
| ST. JOSEPH CANDLER | ) | |
| HOSPITAL and | ) | |
| DAJAUNIA JAMES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Angela Nails, appearing *pro se*, filed a Complaint against "St. Joseph Candler Hospital" and Dajaunia James. *See generally* doc. 1. She seeks to proceed *in forma pauperis* ("IFP"). Doc. 2. It appears from her application that she lacks sufficient resources to prepay the filing fee. *Id.* Accordingly, the Court **GRANTS** her leave to proceed IFP. Doc. 2. However, a review of Plaintiff's Complaint reveals that, like many others she has filed, it is frivolous and should be **DISMISSED**. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B); *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017); *see also Nails v. Davis*, CV422-110, doc. 15 at 3-5 (S.D. Ga. July 11, 2022) (noting Nails' "history of vexatious and frivolous litigation" and imposing filing restrictions to protect the Court).

1

## I. BACKGROUND

Nails has taken issue with the way she was treated when she attempted to retrieve her lab results from an office, perhaps on the campus of "St. Joseph Candler Hospital," around the time the office was closing for the day. *See* doc. 1. She alleges one unnamed lab employee encountered her at the front door and informed her that the lab was closed. *Id.* at 2. Undeterred, Plaintiff pressed the employees for her lab results. *Id.* A second employee, the defendant Dajaunia James, then closed the door. *Id.* Still undeterred, the Plaintiff again asked for her lab results. *Id.* James then "had her open palm hand closely pointed in [Nails'] face." *Id.* For this, Nails seeks relief, although the specific relief sought is unclear. *Id.* at 3 (claiming the damages are "more than $75,000").

Ordinarily, the Court would have proceeded to screen Nails' Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). However, before it could conduct that mandatory screening, the Defendants filed a "Special Appearance Answer and Defenses," doc. 10, a Motion to Dismiss, doc. 11, and a Motion for Sanctions, doc. 12. Nails responded with her own Motion for Sanctions. Doc. 13. She has also filed a procedurally

ambiguous "Motion Reassign Defendant Attorney [sic]" which appears to be in response to the Court approving defense counsel's request for a leave of absence. Doc. 16. Her two motions have been fully briefed. *See* docs. 18, 19, & 20.

## II. ANALYSIS

Although Defendants undertook to respond to Plaintiff's various filings before the Court had the opportunity to conduct its required screening, the Court is still obligated to preserve its resources by reviewing Nails' *pro se* IFP complaint and dismissing it *sua sponte* if it "is frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."); *Holliday v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 4127617, at *2 (11th Cir. Sept. 12, 2022).

The Supreme Court has explained that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. The Eleventh Circuit has recognized that "district courts have the inherent power to *sua sponte* dismiss frivolous suits without

giving notice to the parties." *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). Even construed liberally, Nails' Complaint is meritless. The facts Nails alleges might, at best, rise to the level of poor service. They do not, however, state a viable claim for relief under any discernable legal theory. She contends that the Defendants violated her "right to assemble" granted by the First Amendment of the United States Constitution. *See* doc. 1 at 3. Even if Defendants could plausibly be considered state actors subject to suit under 42 U.S.C. § 1983,[1] the fact that Plaintiff was prohibited from entering a private business after business hours, and the fact that one of the private business's employees might have handled it less than professionally, simply do not constitute any plausible violation of the Constitution.

---

[1] Although private individuals and entities may be held liable under § 1983, such persons must be jointly engaged with state officials in the prohibited conduct to constitute acting under color of state law for purposes of the statute. *Adickes v. Kress & Co.*, 398 U.S. 144, 152 (1970). Private action may be deemed state action for § 1983 purposes only when the challenged conduct may be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). To hold that private parties are acting under color of state law pursuant to § 1983, a Plaintiff must prove one of the following three conditions: (1) that the state has coerced or significantly encouraged the parties to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive province of the State; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was joint participant in the enterprise. *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir.2001). Plaintiff does not allege any facts even suggesting any one of these three exemptions might be met. *See generally* doc. 1.

This is not the first time Nails has filed a frivolous case in this Court. Including this one, Nails has filed eleven cases in this Court since November 2020. *See Nails v. Doing Bus. as Nails*, MC420-009 (S.D. Ga. Nov. 3, 2020); *Nails v. City Chatham Cnty. Tax Comm'n*, CV421-032 (S.D. Ga. Feb. 3, 2021); *Nails v. Chatham Cnty. Tax Comm'n*, CV421-033 (S.D. Ga. Feb. 3, 2021); *Nails v. Savannah Plastic Surgery, et al.*, CV421-153 (S.D. Ga. May 14, 2021); *Nails v. Chatham Cnty. Sheriff's Office*, CV421-158 (S.D. Ga. May 19, 2021); *Nails v. Hilliard*, CV421-364 (S.D. Ga. Dec. 27, 2021); *Nails v. Leeds Gate Townhouse Ass'n*, CV422-078 (S.D. Ga. Apr. 4, 2022); *Nails v. City of Savannah Police Dept.*, CV422-098 (S.D. Ga. Apr. 15, 2022); *Nails v. FNU LNU*, CV422-103 (S.D. Ga. Apr. 18, 2022); *Nails v. Davis*, CV422-110 (S.D. Ga. April 21, 2022). Four of her cases were dismissed for her failure to allege a basis for this Court's jurisdiction. *See Nails v. City Chatham Cnty. Tax Comm'n*, CV421-032, doc. 6 (S.D. Ga. June 2, 2021) *adopted* doc. 8 (S.D. Ga. June 14, 2021) (dismissing complaint for failure to establish jurisdiction); *Nails v. Chatham Cnty. Tax Comm'n*, CV421-033, doc. 6 (S.D. Ga. June 2, 2021) *adopted* doc. 8 (S.D. Ga. June 14, 2021) (dismissing Plaintiff's complaint for failure to establish jurisdiction); *Nails v. FNU LNU*, CV422-103, doc.

5

13 at 3 (S.D. Ga. May 2, 2022) (dismissing case after finding that Nails did not provide a "sufficient, non-frivolous basis" for the Court to exercise subject matter jurisdiction); *Nails v. Davis*, CV422-110, doc. 15 at 2 (S.D. Ga. July 11, 2022) (dismissing complaint where facts pleaded were inconsistent with diversity jurisdiction and Plaintiff had identified no basis for the Court to exercise federal question jurisdiction).  Others have been dismissed on grounds that indicate Nails' general disregard for the Orders and rules of this Court.  *See Nails v. Doing Business as Nails*, MC420-009, doc. 3 (S.D. Ga. Nov. 5, 2020) *adopted*, doc. 4 (S.D. Ga. Nov. 24, 2020) (denying IFP motion and dismissing case for submitting application demonstrating sufficient assets to pay filing fee); *Nails v. Chatham Cnty. Sheriff's Office*, CV421-158, doc. 8 (S.D. Ga. Aug. 26, 2021) *adopted*, doc. 10 (S.D. Ga. Sept. 13, 2021) (dismissing case for failure to comply with the Court's instructions).

As this Court has already recognized, Nails "appears to file a federal lawsuit at the slightest inconvenience."  *See Nails v. Davis*, CV422-110, doc. 8 at 9 (S.D. Ga. May 9, 2022).  For that reason, the Court implemented filing restrictions "to protect itself from Nails' disregard of its rules and orders."  *Id.* at 11, *adopted* CV422-110, doc. 15 (July 11,

6

2022). Although this case was filed prior to the Court's imposition of those restrictions, it is yet another attempt to litigate her inconveniences in a federal forum and reflects the same vexatious pattern of litigation. It should, therefore, be **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(B).

### III.   CONCLUSION

Nails' motion to proceed IFP is **GRANTED**. Doc. 2. Her Complaint should be **DISMISSED**. Doc. 1. The remaining pending motions should be **DISMISSED**, as moot. Docs. 11, 12, 13, 16.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 16th day of November, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA